UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SEAN GLENN JACOBSON,            )
                                )
         Petitioner,            )     3:11-cv-00697-RCJ-VPC
                                )
vs.                             )     **ORDER**
                                )
RENEE BAKER, *et al.*,          )
                                )
         Respondents.           )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1). Based on the information regarding petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted.

A petitioner must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises. To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984). A federal court cannot hear a mixed petition that contains both exhausted and unexhausted claims for habeas corpus relief. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen,* 709 F.2d 1340, 1341 (9th Cir. 1983).

1  Where state court remedies have not been exhausted as to any of the claims in the federal petition,
2  the entire petition may be dismissed without prejudice. *See Raspberry v. Garcia*, 448 F.3d 1150 (9th
3  Cir. 2006); *see also Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).
4        In this case, petitioner has failed to exhaust any of his grounds for relief in state court.
5  Specifically, as to Grounds One, Two, and Three, petitioner states that he filed a post-conviction
6  petition in the state district court, but that he did not appeal these grounds to the Nevada Supreme
7  Court. (ECF No. 1-1, at pp. 4, 6, and 8). As such, the Court concludes that all grounds in the
8  petition are unexhausted. Because petitioner failed to exhaust state court remedies as to all grounds
9  of the petition, this action shall be dismissed.
10       In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28
11 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951
12 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a
13 petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
14 certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84
15 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's
16 assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In
17 order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are
18 debatable among jurists of reason; that a court could resolve the issues differently; or that the
19 questions are adequate to deserve encouragement to proceed further. *Id.*
20       Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section
21 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the
22 order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice
23 of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has
24 considered the issues raised by petitioner, with respect to whether they satisfy the standard for
25
26

issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. The Clerk **SHALL FILE** the petition for a writ of habeas corpus.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. If and when petitioner exhausts his state court remedies, he may file a new habeas petition in a new action. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability regarding the dismissal of this action.

DATED this 31st day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE